PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>                  v.<br><br>ALPHONSO JIMENEZ,<br><br>                          Defendant. | CASE NO.  1:22-CR-00074-JLT-SKO-2<br><br>STIPULATION TO VACATE STATUS CONFERENCE, SET CHANGE OF PLEA HEARING, AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

        This case is set for a status conference on November 16, 2022.  On May 13, 2020, this Court

issued General Order 618, which suspends all jury trials in the Eastern District of California "until

further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This,

previous, and subsequent General Orders were entered to address public health concerns related to

COVID-19.

        Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-

1

endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for a change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3  **STIPULATION**

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.    By previous order, this matter was set for status on November 16, 2022.

7  2.    By this stipulation, the parties now move to vacate the status conference, set this the case

8  for a change of plea hearing on January 9, 2023, and to exclude time between November 16, 2022, and

9  January 9, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], and 18 U.S.C.

10  § 3161(h)(1)(G) [Local Code 7].

11  3.    The parties agree and stipulate, and request that the Court find the following:

12  a)    This is a complex wiretap case. The government has represented that the

13  discovery associated with this case includes thousands of pages of investigative reports,

14  photographs, several large cell phone extractions, video evidence (including body-worn camera),

15  and hours of recorded, intercepted communications. All this discovery has been either produced

16  directly to counsel and/or made available for inspection and copying. The government also

17  provided defendant with a proposed plea agreement.

18  b)    The government does not object to the continuance.

19  c)    Based on the above-stated findings, the ends of justice served by continuing the

20  case as requested outweigh the interest of the public and the defendant in a trial within the

21  original date prescribed by the Speedy Trial Act.

22  d)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

23  et seq., within which trial must commence, the time period of November 16, 2022 to January 9,

24  2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and

25  3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at

26  defendant's request on the basis of the Court's finding that the ends of justice served by taking

27  such action outweigh the best interest of the public and the defendant in a speedy trial.

28  4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

1  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
2  must commence.
3       IT IS SO STIPULATED.
4

5
   Dated:  November 14, 2022                    PHILLIP A. TALBERT
6                                               United States Attorney
7
                                                /s/ ANTONIO J. PATACA
8                                               ANTONIO J. PATACA
                                                Assistant United States Attorney
9

10
   Dated:  November 14, 2022                    /s/ JESSE J. GARCIA
11                                              JESSE J. GARCIA
                                                Counsel for Defendant
12                                              ALPHONSO JIMENEZ
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2      IT IS ORDERED that the status hearing set for November 16, 2022, at 1:00 pm is vacated, and a

3  change of plea hearing is set for **January 9, 2023, at 9:00 a.m. before District Judge Jennifer L.**

4  **Thurston**.

5      IT IS FURTHER ORDERED THAT the period of time from November 16, 2022, through

6  January 9, 2023, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and

7  (iv) because it results from a continuance granted by the Court at defendants' request on the basis of

8  the Court's finding that the ends of justice served by taking such action outweigh the best interest of the

9  public and the defendant in a speedy trial.

10

11  IT IS SO ORDERED.

12   Dated:   **November 14, 2022**            /s/ *Barbara A. McAuliffe*

13                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28